# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RUSSELL KERSHAW,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:25-CV-01357-ADA-SH** |
| **TRAVIS COUNTY JUDGE ANDY** | § | |
| **BROWN,** *et al.,* | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   **THE HONORABLE ALAN D ALBRIGHT**
      **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed August 25, 2025.[1]

## I.    Background

Plaintiff Russell Kershaw, proceeding *pro se*, brings this suit against Defendants Travis County Judge Andy Brown; Hidalgo County, Texas Judge Richard Cortez; the Hays County Clerk's Office; the Green County Sheriff's Office; Santa Clara County's Office of the County Counsel; the U.S. Department of Veterans Affairs; Studio Six McAllen; and AM PM Roadside and Recovery. Complaint, Dkt. 1. Plaintiff invokes this Court's federal question jurisdiction, citing his right to a fair and speedy trial under the Sixth Amendment to the U.S. Constitution. *Id.* at 3.

---

[1] The District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and dispositive motions for report and recommendation, pursuant to 28 U.S.C. 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing on referrals to United States Magistrate Judges. Dkt. 3.

Plaintiff does not explain how his fair and speedy trial rights were violated. Rather, he alleges that he was arrested eleven times in various counties in Texas, Wisconsin, and California and "won each court appearance," Dkt. 1 at 9; he has been incarcerated but "nothing proven against [him]," *id.* at 11; Hildago County police officers made "inappropriate remarks about [him]" during his arrest in November 2024, *id.* at 8; after he was released from Hildago County Jail in February 2025, he returned to his hotel, Studio Six, and all his clothes, food and property were missing; and he is "not highly unstable" and does not need any medication. *Id.* at 10.

Plaintiff does not state whether his various state criminal proceedings have been terminated or are ongoing. He seeks monetary damages in the form of "state detective pay" for each year he was incarcerated, a "right to fair and speedy trial," and "a medical opinion." *Id.* at 9, 11. Plaintiff also moves to file his Complaint without prepaying fees or costs under 28 U.S.C. § 1915(a)(1).

## II.    Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of *in forma pauperis* status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This

*in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.    Frivolousness Review Under Section 1915(e)(2)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2). A court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 328 (5th Cir. 2025) (quoting *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013)).

While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

For the reasons explained below, this Magistrate Judge recommends that Plaintiff's Complaint should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(b).

### A.  Past Criminal Proceedings

If Plaintiff's constitutional claims relate to his past state criminal proceedings, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff who seeks to recover damages under § 1983 for unlawful actions that would render a conviction or sentence invalid first must prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id.* at 486-87. A § 1983 claim that falls under the rule in *Heck* "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A § 1983 claim falls under *Heck* when "a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence." *Id.* The Supreme Court has expanded *Heck* to bar claims for declaratory and injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

A determination that Plaintiff's Sixth Amendment right to a fair and speedy trial was violated would necessarily implicate the invalidity of his previous sentences and convictions, and Plaintiff has not shown that his convictions have been overturned or otherwise declared invalid. *Heck*, 512 U.S. at 487. Accordingly, his constitutional claims related to his past criminal convictions or sentences are barred and should be dismissed as frivolous. *See Collins v. Dallas Leadership Found.*, 77 F.4th 327, 331 (5th Cir. 2023) (holding that *Heck* barred plaintiff's due process claim for damages because he was not released after his parole hearing and rendered his claim legally frivolous); *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (holding that claims of excessive force and unlawful seizure were barred by *Heck*).

### B.  Ongoing State Criminal Proceedings

Plaintiff's claims related to ongoing state criminal proceedings fall within the *Younger* abstention doctrine. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), provides that when a state proceeding is pending and a party attempts to raise related federal constitutional issues in a federal court, federalism dictates that the constitutional claims should be raised and decided in the state court without interference by the federal courts. *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1085 (5th Cir. 2023). Federal courts are required to decline to exercise jurisdiction over lawsuits when "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claims; and (3) the plaintiff has an adequate opportunity in the state proceeding to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply." *Id.*

The *Younger* abstention doctrine applies to Plaintiff's claims related to any ongoing state criminal proceedings because the state has an important interest in enforcing its criminal laws and Plaintiff could raise his constitutional claims during the state proceedings. *Sims v. Sheriff, Shelby Cnty.*, No. 9:24-CV-215, 2025 WL 1118593, at *1 (E.D. Tex. Mar. 3, 2025), *R. & R. adopted*, 2025 WL 1117435 (E.D. Tex. Apr. 14, 2025). Plaintiff has not shown that any exceptions to *Younger* abstention apply. *Id.*

### C.  Absolute Immunity

Plaintiff's claims against the county judges, county prosecutors, and county clerks also are barred by the doctrine of absolute immunity. Judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mays v. Sudderth*,

97 F.3d 107, 110 (5th Cir. 1996); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "Judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Instead, judicial immunity can be overcome "only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284. Because Plaintiff does not complain that any actions taken by the judicial defendants were nonjudicial in nature, his claims against these defendants should be dismissed with prejudice as frivolous. *Id.* at 285.

Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in prosecuting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016). A prosecutor remains entitled to absolute immunity even if he or she acted "maliciously, wantonly, or negligently." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019) (cleaned up). Because Plaintiff's claims against the county attorneys involve their duties in prosecuting a criminal case, they have prosecutorial immunity. Court clerks also "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Plaintiff's claims against the county clerks also are barred.

### D.  Sovereign Immunity

Absent a waiver, sovereign immunity shields from suit the federal government and its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff's claims against the Department of Veterans Affairs are barred by sovereign immunity because the United States has not consented to suit under the civil rights statutes. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

### E. Claims against Private Entities

Title 42 U.S.C. § 1983 is the vehicle by which a plaintiff may seek redress for constitutional violations. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 (5th Cir. 2009). To bring a claim under § 1983, a plaintiff first must show state action. *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 443 (5th Cir. 2025). "A private entity can qualify as a state actor in a few limited circumstances." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019). Those include: "(i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action, or (iii) when the government acts jointly with the private entity." *Id.* (citations omitted). Because Plaintiff alleges none of these circumstances, his claims against Studio Six McAllen and AM PM Roadside and Recovery do not state a plausible claim for relief.

## IV.    Order

This Magistrate Judge **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

## V.    Recommendation

The Court **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2)(B).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Alan D Albright.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 24, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE